UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY LEE GLEEN

    Petitioner,

                                                Case No. 1:04-cv-291

v

                                                Hon. Wendell A. Miles

DAVID GUNDY,

    Respondent.

    _____ /

ORDER DENYING CERTIFICATE OF APPEALABILITY

On July 25, 2007, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that Henry Lee Gleen's petition for writ of habeas corpus be denied. On September 24, 2007, the court issued an order adopting the R & R and judgment denying the petition. Petitioner has filed a Notice of Appeal from the court's decision.

If an applicant for a petition for writ of habeas corpus files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. Fed.R.App.P. 22(b)(1). A certificate should issue "only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, "[w]hen the district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The court addressed each of petitioner's claims on the merits, with the exception of his claims that the trial judge made various comments which deprived petitioner of a fair trial. Of these latter claims, the court concluded that all but one were procedurally defaulted. Where a petition has been rejected on procedural grounds, determining whether a certificate should issue has two components, "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-485. Although both showings must be made before an appeal may be entertained, a court may dispose of the application on the procedural issue. Id. at 485. The court finds that jurists of reason could not conclude that the rejection of all but one of petitioner's claims as procedurally defaulted was debatable or incorrect.

As for the remainder of petitioner's claims--that the trial judge made comments which deprived petitioner of a fair trial--the court finds that reasonable jurists could not find that this court's rejection of those claims on the merits was debatable or wrong.

The court denies petitioner a certificate of appealability.

So ordered this 4th day of January, 2008.

/s/ Wendell A. Miles
Wendell A. Miles, Senior Judge